**Opinion filed November 16, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00330-CV

_____

**MICHAEL ELLIOTT HOGAN, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF BILLIE BOB HOGAN, DECEASED; KIMBERLY K. MEDLOCK; GWENDOLYN DIANE BEAN; AND STACY LYNN MATEJKA,** Appellants

## V.

## STEVE GOLDSMITH, Appellee

**On Appeal from the 42nd District Court**
**Callahan County, Texas**
**Trial Court Cause No. 20,416**

## O P I N I O N

Steve Goldsmith sued Michael Elliott Hogan, individually and as independent executor of the Estate of Billie Bob Hogan, deceased; Kimberly K. Medlock;

Gwendolyn Diane Bean; and Stacy Lynn Matejka (Hogan) for specific performance pursuant to a lease-purchase agreement. After Hogan answered, Goldsmith moved for partial summary judgment on traditional grounds in which he stated that he had pleaded "all conditions precedent to the exercise of the option" to purchase the property. After Hogan responded, the trial court granted summary judgment in favor of Goldsmith. Hogan filed an appeal. We reverse and remand for further proceedings consistent with this opinion.

On appeal, Hogan asserts three issues. In Hogan's first issue, he argues that the trial court erred when it granted summary judgment in favor of Goldsmith. In his second issue, Hogan contends that the trial court erred when it denied his motion to compel Goldsmith to provide certain documents during discovery. In his third issue, Hogan argues that the trial court erred when it awarded Goldsmith attorney's fees.

On February 17, 2004, Billie Bob Hogan and Steve Goldsmith entered into a lease-purchase agreement for 836.05 acres of Billie Bob Hogan's real property in Callahan County. Pursuant to the agreement, Goldsmith was to make annual payments to Billie Bob Hogan for ten years in exchange for Goldsmith's right to use the property. The agreement also provided that Goldsmith had an option to purchase the property at any time during the term. In order to exercise this option, Goldsmith had to pay Billie Bob Hogan $418,025 in cash, minus any payments Goldsmith had made to Hogan during the term of the agreement.

On August 24, 2004, Billie Bob Hogan died, at which point her son, Michael Elliott Hogan, inherited an undivided interest in the property and became the independent executor of the Estate of Billie Bob Hogan. In August 2014, Goldsmith sent a written notice to Hogan in which Goldsmith stated that he was exercising the option under the agreement to purchase the property. Hogan agreed to convey the

property's surface estate to Goldsmith, but not the mineral estate. Goldsmith believed that he was entitled to the surface estate and the mineral estate, and he filed suit against Hogan and requested specific performance. Hogan then agreed to convey both the surface and mineral estates to Goldsmith and to proceed with the closing on January 7, 2015.

On January 7, 2015, Hogan appeared for the closing, but Goldsmith, on the advice of his attorney, did not appear. On February 10, 2015, Hogan filed an original answer to Goldsmith's petition; in that answer, Hogan "den[ied Goldsmith]'s allegation that 'he has performed all conditions, precedent in the exercise of this option under'" the agreement. Goldsmith then filed a motion for partial summary judgment in which he argued that he was entitled to specific performance under the agreement. In his motion, Goldsmith argued that he "has pleaded that [Goldsmith] has performed all conditions precedent to the exercise of the option. [Hogan] has not specifically denied any conditions precedent to which [Goldsmith] may have been obligated. Accordingly, [Goldsmith] is obligated to prove only such conditions precedent as are specifically denied by [Hogan]." Goldsmith argued that he properly exercised the option to purchase the property and "was ready, willing, and able . . . to pay the purchase price" but that Hogan has "refused to close the sale of the property." Hogan filed a response to Goldsmith's motion, and argued, among other things, that Goldsmith "did not have the funds available to close as a cash sale." Hogan provided supporting evidence. The trial court granted Goldsmith's motion for partial summary judgment.

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve

any doubts in the nonmovant's favor. *Dorsett*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215. If a trial court grants summary judgment but does not specify the grounds for granting the motion, we will uphold the judgment if any of the asserted grounds are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). The movant for traditional summary judgment must show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When plaintiffs move for summary judgment on their own claim, they must conclusively prove all essential elements of their cause of action. *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). If the plaintiffs meet their burden, then the burden shifts to the nonmovants to raise a genuine issue of material fact that precludes summary judgment. *See id.*

In his first issue, Hogan argues that the trial court erred when it granted Goldsmith summary judgment because Goldsmith was not "ready, willing, and able" to perform his obligation to exercise the option under the agreement. "Specific performance is the remedy of requiring exact performance of a contract in the specific form in which it was made." *Levetz v. Sutton*, 404 S.W.3d 798, 805 (Tex. App.—Dallas 2013, pet. denied). A trial court may award the equitable remedy of specific performance upon a showing of breach of contract. *Stafford v. S. Vanity Magazine, Inc.*, 231 S.W.3d 530, 535 (Tex. App.—Dallas 2007, pet. denied). Specific performance is an alternative remedy to benefit-of-the-bargain damages. *See Paciwest, Inc. v. Warner Alan Props., LLC*, 266 S.W.3d 559, 575 (Tex. App.—Fort Worth 2008, pet. denied). A party who seeks specific performance must plead and prove (1) compliance with the contract, including tender of performance, unless excused by the defendant's breach or repudiation and (2) the readiness, willingness,

and ability to perform at relevant times. *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 593–94, 601 (Tex. 2008). Therefore, our analysis turns on whether Goldsmith pleaded and provided sufficient evidence to establish that he tendered performance or, if his performance was excused, whether he was ready, willing, and able to perform his obligations under the option to purchase for which an award for specific performance is appropriate.

On appeal, Hogan argues that "Goldsmith did not have in his account the sum of $250,000 on the closing date or thereafter[.] . . . Goldsmith only stated that he intended to borrow the money from his brother." Hogan also argues that "Goldsmith made no effort to transfer the purchase money funds to [Hogan's attorney] for the scheduled closing on January 7 . . . and did not have $250,000 in his bank account." Goldsmith argues on appeal that "he pleaded that all conditions precedent had been performed by him to the exercise of the option" and that "Hogan did not specifically deny that Goldsmith failed in any particular concerning the exercise of the option to purchase or any tender of payment or that Goldsmith was not ready, willing, and able to conclude the purchase of the property in question." A condition precedent may be either a condition to the formation of a contract or a condition to an obligation to perform under an existing contract. *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976); *Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 143 (Tex. App.—Dallas 2012, no pet.). A condition precedent to an obligation to perform under a contract is an act or event that occurs subsequent to the formation of a contract and must occur before there is a right to immediate performance and there is a breach of contractual duty. *Hohenberg Bros. Co.*, 537 S.W.2d at 3; *Sharifi*, 370 S.W.3d at 144. A party that seeks to recover under a contract bears the burden to prove that all conditions precedent have been satisfied. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 283 (Tex.

1998); *Sharifi*, 370 S.W.3d at 144. We construe Goldsmith's tender of cash in the amount of $418,025, less payments Goldsmith made to Hogan during the term of the agreement, as a condition precedent to Hogan's requirement to convey the property to Goldsmith. *See Hohenberg Bros. Co.*, 537 S.W.2d at 3 ("[W]hether a certain contractual provision is a condition, rather than a promise, must be gathered from the contract as a whole and from the intent of the parties.") (citing *Citizens Nat'l Bank in Abilene v. Tex. & P. Ry. Co.*, 150 S.W.2d 1003 (Tex. 1941)). Goldsmith had to prove that he tendered performance—that he tried to provide cash to Hogan—in order to obtain specific performance. *See DiGiuseppe*, 269 S.W.3d at 593–94. Even if Goldsmith was excused from performance under these circumstances, Goldsmith would still have to plead and prove that he was ready, willing, and able to perform. *See 17090 Parkway, Ltd. v. McDavid*, 80 S.W.3d 252, 256 (Tex. App.—Dallas 2002, pet. denied) ("Where tender of performance is excused, a party must plead and prove that he is ready, willing, and able to perform.").

In his pleadings, Goldsmith neither pleaded nor proved that he tendered a cash payment to Hogan. Goldsmith argues on appeal that his performance was excused because Hogan repudiated the contract when he failed to close within the contractually stipulated sixty-day period. Even if we assume, without deciding, that Goldsmith was excused from performance when Hogan did not close within sixty days of Goldsmith's exercise of the purchase option, Goldsmith would still be required to plead and prove that he was ready, willing, and able to pay Hogan the sum he owed Hogan in cash. *Id.* In his first amended petition, Goldsmith alleged that, he was "ready, willing, and able to pay the purchase price." Similarly, in his motion for partial summary judgment, Goldsmith alleged that, "[a]t all times, [Goldsmith] was ready, willing, and able to pay the purchase price." However,

6

Goldsmith never produced any evidence that he ever had the money he owed Hogan in cash to exercise the purchase option. In his motion for partial summary judgment, Goldsmith merely alleged that he pleaded that he "performed all conditions precedent to the exercise of the option," that Hogan did "not specifically den[y] any conditions precedent to which [Goldsmith] may have been obligated," and that Goldsmith therefore did not have to prove any conditions precedent that Hogan did not specifically deny. Similarly, on appeal, Goldsmith relies on TEX. R. CIV. P. 54 for the proposition that, "[b]ecause Hogan did not specifically deny the occurrence of any particular condition precedent, Goldsmith would not have to prove at trial that any such condition precedent was satisfied, had been performed, or had occurred." In other words, Goldsmith argues that, because Hogan did not specifically deny that Goldsmith tendered payment to Hogan or that Goldsmith had the money in cash that he owed Hogan in order to exercise the option, Goldsmith did not have to prove that condition precedent in order to prevail on summary judgment. We disagree.

Although Hogan stated in his original answer and first amended answer that he "den[ies Goldsmith]'s allegation that 'he has performed all conditions, precedent in the exercise of this option,'" Hogan stated in his response to Goldsmith's motion for partial summary judgment that "Goldsmith did not have the funds available to close as a cash sale," and Hogan produced evidence to support that assertion. Therefore, Goldsmith still had to plead and prove that he tendered a sufficient cash payment to Hogan or, at the very least, that Goldsmith had the amount that he owed Hogan in cash in order to exercise the option under the agreement. *See, e.g.*, *Sharifi*, 370 S.W.3d at 145 (noting that a specific denial in a response to a summary judgment motion would satisfy Rule 54); *see also Wakefield v. Ayers*, No. 01-14-00648-CV, 2016 WL 4536454, at *10–11 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, no

7

pet.).  Accordingly, we sustain Hogan's first issue on appeal.  We need not address Hogan's second and third issues because we have found that the trial court erred when it granted summary judgment in favor of Goldsmith.  *See* TEX. R. APP. P. 47.1. However, we note that simply because an individual is not in possession of documents does not mean that, for purposes of discovery, a party may not request the issuance of a subpoena for those documents if they are in that individual's control.  *See* TEX. R. CIV. P. 176.2(b), 192.7(b).

Because Goldsmith did not provide evidence that he complied with the purchase option or that he was ready, willing, and able to perform at all times under the purchase option, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.


JIM R. WRIGHT
CHIEF JUSTICE


November 16, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.