

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00049-CV

_____

IN THE INTEREST OF L.K. AND O.K., CHILDREN

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 14-09269-393

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant K.A.K. (Mother), the mother of the two children who are associated with this appeal, appeals the trial court's orders that require her to pay attorney's fees to the children's paternal grandparents, D.L.K.[1] and M.A.K. (the Grandparents). The attorney's fees result from the trial court's decision to grant the Grandparents' motion for enforcement of an agreed order that required Mother to reimburse the Grandparents for 25% of the uninsured portion of the children's health-care expenses within thirty days after Mother "receive[d] the forms, receipts, bills, statements, and explanations of benefits" relating to the expenses. Mother contends, in part, that her obligation to reimburse the Grandparents within any specific time never arose because she never received the explanations of benefits. Under the plain language of the agreed order, we agree. We therefore hold that the trial court abused its discretion by awarding attorney's fees in connection with the Grandparents' enforcement motion, and we reverse the trial court's attorney's fees orders.

### Background

In 2016, the Grandparents filed a petition to modify a final divorce decree that concerned the marriage of Mother and A.C.K. (Father). The trial court, through an order agreed to by the Grandparents, Mother, and Father, named the Grandparents joint managing conservators of the children, giving them the right to designate the

---

[1]D.L.K. (Grandmother) is the children's paternal step-grandmother.

children's residence. The trial court named Mother and Father as possessory conservators. The agreed order contained the following provisions concerning the children's healthcare:

*Health Care*

1. IT IS ORDERED that [the Grandparents, Mother, and Father] shall each provide medical support for each child as set out in this order as additional child support . . . .

. . . .

4. Provision of Health-Care Coverage –

As child support, [the Grandparents] are ORDERED to obtain, within 30 days after entry of this order, health insurance for each child who is the subject of this suit . . . .

. . . .

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the children that are not reimbursed by health insurance are allocated as follows: [Grandparents are ORDERED] to pay 50 percent, [Mother] is ORDERED to pay 25 percent, and [Father] is ORDERED to pay 25 percent . . . .

The party who incurs a health-care expense on behalf of a child is ORDERED to furnish[2] to the other party all forms, receipts, bills,

---

[2]Another part of the agreed order defined "furnish" to include three types of delivery: (1) hand delivery; (2) delivery by certified mail, return receipt requested; or (3) delivery using "any person or entity whose principal business is that of a courier or deliverer of papers or documents either within or outside the United States." Mother argues that because the Grandparents sent the children's medical bills to her by e-mail, they did not "furnish" the bills to her in accordance with the agreed order, and her duty to pay her share of the children's medical expenses did not arise. Based on our analysis below that requires reversal for an independent reason, we do not reach that argument.

statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them. *The nonincurring party is ORDERED to pay his or her percentage of the uninsured portion of the health-care expenses* either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's percentage of the uninsured portion of the health-care expenses *within thirty days after the nonincurring party receives the forms, receipts, bills, statements, and explanations of benefits.* [Emphasis added.]

In August 2017, the Grandparents filed a motion for the trial court to enforce the agreed order's provisions concerning the children's healthcare. The Grandparents alleged that Mother had violated the agreed order by failing to pay her share of the children's uninsured medical expenses. More specifically, the Grandparents asserted that they had incurred twenty-five separate expenses of which Mother had not paid her share and alleged that she owed a total of $1,251.55. Finally, the Grandparents pleaded for an award of attorney's fees.

In September 2017, Mother filed a response to the Grandparents' motion. In part, she averred that between the time that the Grandparents filed their motion and the time she filed her response, she had paid the amount of medical expenses pleaded for by the Grandparents.

The trial court held a hearing on the Grandparents' enforcement motion. At the hearing, the Grandparents conceded that Mother had paid the requested expenses and stated that the "only open issue [was] attorney's fees." Mother testified that she had delivered a check to the Grandparents for the expenses. Mother further contended that she was never obligated to pay the requested expenses under the terms

4

of the agreed order because the Grandparents did not comply with provisions concerning when and how to inform her of the expenses. She testified that the Grandparents had never delivered bills for the expenses to her by hand, through certified mail, or to her address using a courier or deliverer of papers. Rather, she testified that she had received all of the bills through e-mail; Grandmother conceded the same. Further, Mother testified that she had received some of the bills later than thirty days after the Grandparents had received them. Finally, Mother testified that she had never received any explanations of benefits (EOBs) from Grandmother, and Grandmother testified that she had never sent any EOBs to Mother.

Mother also asserted that the Grandparents had agreed to allow her to delay paying the expenses until after she had received a tax refund and that she had paid the expenses at her "first opportunity" after receiving it. For this assertion, Mother relied on the contents of an e-mail exchange with D.L.K. (Grandmother). Mother testified that she received the tax refund on September 7, 2017 and paid the expenses to the Grandparents days later. Grandmother testified that she did not intend for her e-mail response to qualify as an agreement to delay Mother's responsibility to pay the medical bills.

After hearing the parties' evidence and arguments, the trial court found that Mother had violated the agreed order by failing to pay the "full amount of uninsured medical expenses . . . *in a timely manner*." [Emphasis added.] The trial court did not order Mother to pay any medical expenses, as they had all been paid, but the trial

5

court required her to pay $5,774 in attorney's fees and costs. The court ordered her to pay either the full amount of $5,774 at once or to pay that amount at the rate of $150 per month. The court made findings of fact that detailed sixteen expenses that Mother had failed to timely pay, but the court also found that she had later paid the expenses.

Mother filed a notice of appeal. The Grandparents then sought an additional award of attorney's fees for defending against Mother's appeal. Following a hearing, the trial court ordered Mother to pay $21,500[3] in appellate attorney's fees, conditioned on Mother's "pursuit of an ultimately unsuccessful appeal." Mother filed another notice of appeal.

### The Attorney's Fees Awards

On appeal from the trial court's awards of attorney's fees, Mother raises twelve points. We construe those twelve points as comprising six independent arguments: (1) the trial court could not award attorney's fees without requiring her to pay medical expenses that remained unpaid at the time of the trial court's order (first point); (2) the court could not award attorney's fees for her failure to timely pay medical expenses because the Grandparents did not prove the fulfillment of "conditions precedent" to her duty to pay, including presenting her with bills and EOBs for the expenses within a certain time and through certain means (second through fourth and seventh points); (3) the court could not award attorney's fees because the

---

[3]The court ordered that Mother would be entitled to remittiturs from this amount if her appeal did not reach certain stages of the appellate process.

6

Grandparents created "confusion" by agreeing to allow Mother to delay paying the expenses or by agreeing to forgive her payment of some of the expenses (fifth, sixth, eighth, and ninth points); (4) the court's initial award of $5,774 in attorney's fees was "excessive" (tenth point); (5) the court exceeded its authority by, in its order requiring Mother to pay $5,774 in attorney's fees, giving her the option of paying $150 per month (eleventh point); and (6) the court erred by awarding appellate attorney's fees because the Grandparents asked for the trial court to order such fees in its initial order, the trial court did not do so, and res judicata prevented the award in the second order (twelfth point). For the reasons explained below, we sustain Mother's second argument and decline to consider her other arguments. *See* Tex. R. App. P. 47.1; *Busby v. Harvey*, 551 S.W.3d 184, 193 n.11 (Tex. App.—Fort Worth 2017, no pet.).

We review a trial court's order relating to the enforcement of a child support obligation for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re K.M.J.*, No. 02-09-00303-CV, 2011 WL 3525439, at *1 (Tex. App.—Fort Worth July 28, 2011, no pet.) (mem. op.). "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford*, 801 S.W.2d at 109.

The trial court awarded attorney's fees under chapter 157 of the family code. One provision of chapter 157 provides that if a trial court "finds that the respondent has failed to make child support payments, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the

7

arrearages." Tex. Fam. Code Ann. § 157.167(a) (West 2014). Under chapter 157, an order enforcing a child support obligation must include "the acts or omissions that are the subject of the order" and the "manner of the respondent's noncompliance." *Id.* § 157.166(a)(2)–(3) (West 2014). "The movant on a motion to enforce a child-support order, including an order to provide medical support, has the burden of establishing the amount of support owed." *In re E.G.*, No. 02-16-00302-CV, 2017 WL 3821862, at *2 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (mem. op.).

In its enforcement order, the trial court found that Mother had violated the prior agreed order by "failing to pay to [the Grandparents] the full amount of uninsured medical expenses due by [Mother] *in a timely manner.*" [Emphasis added.] Accordingly, the court ordered Mother to pay attorney's fees. The court recognized that Mother had eventually paid the expenses.

The agreed order created parameters for the timeliness of Mother's payment of medical expenses. It stated that Mother was to pay her percentage of the expenses "within thirty days after [she] receive[d] the forms, receipts, bills, statements, *and*[4] *[EOBs].*" [Emphasis added.]

_____

[4] "And" is a conjunctive word; the word is not interchangeable with "or." *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69–70 (Tex. 2008) (orig. proceeding); *see also Anheuser-Busch, L.L.C. v. Harris Cty. Tax Assessor-Collector*, 516 S.W.3d 1, 8 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (relying on the conjunctive nature of "and" to hold that a statute required a tax assessor to send a tax bill "to both the person in whose name the property is listed on the tax roll (the property owner) and its authorized agent, if any has been duly appointed").

8

Texas appellate courts have repeatedly held that when child-support orders condition obligations to provide support on events that do not occur, trial courts do not have authority to grant enforcement of the obligations. For example, in *E.G.*, a mother appealed a trial court's denial of her request for reimbursement of medical expenses under a divorce decree. 2017 WL 3821862, at *2. The father contended that the mother was not entitled to reimbursement because she had "failed to present evidence that she complied with the requirements of the divorce decree in order to receive [those] monies." *Id.* at *2. Similar to the agreed order in this case, the decree in that case stated, "[T]he party who pays for a health-care expense on behalf of [the child] shall furnish to the other party, within thirty days of receiving them, all forms, receipts, bills, and explanations of benefits paid reflecting the uninsured portion of the health-care expenses the paying party incurs on behalf of [the child]." *Id.* We held that because the mother provided no evidence that she had furnished the forms, receipts, bills, and EOBs to the father, the father's reimbursement obligation never arose. *Id.* at *2–3. We explained, "The language in the decree put an affirmative obligation on [the mother] as the paying party to provide [the father], the nonpaying party, with documentation of what [the mother] actually paid before imposing any obligation on [the father] to reimburse [the mother] for her share." *Id.* at *3. Our sister intermediate appellate courts have reached similar conclusions in several cases. *See In re C.P.K.*, No. 07-17-00287-CV, 2018 WL 2170821, at *3 (Tex. App.—Amarillo May 10, 2018, no pet.) (mem. op.) (holding that a trial court did not abuse its discretion by not awarding

9

a mother arrearages for health insurance payments because the mother did not, as required by an agreed order, provide the father with proof of the expenses); *In re M.S.C.*, No. 05-14-01581-CV, 2016 WL 929218, at *5 (Tex. App.—Dallas Mar. 11, 2016, no pet.) (mem. op.) (holding that "[the mother's] obligation to reimburse [the father for medical expenses] was never triggered" because the father did not send documents reflecting the uninsured portion of expenses as required by the divorce decree); *In re I.O.K.*, No. 05-13-01201-CV, 2014 WL 3939379, at *1–3 (Tex. App.—Dallas Aug. 13, 2014, no pet.) (mem. op.) (concluding that a trial court abused its discretion by holding a father in contempt for failing to pay children's medical expenses when the divorce decree required the mother to provide receipts, bills, statements, and EOBs within thirty days after she received them, and she did not); *In re T.J.L.*, 97 S.W.3d 257, 267 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding that a trial court did not abuse its discretion by finding that a mother was 100% responsible for healthcare expenses when the court found that she did not timely submit expenses to the father "as required to obtain reimbursement").

At the hearing on the Grandparents' enforcement motion, Mother testified that she never received EOBs stating what expenses the children's insurance paid. She averred that therefore, she could not determine "positively . . . from the bills that [she] received . . . how much . . . [she was] required to pay." Grandmother testified that she never sent EOBs to Mother because she did "not believe that was in [the] court paperwork." It was. Based on the cases cited above, we hold that the trial court

10

abused its discretion by granting the Grandparents' enforcement motion and by awarding attorney's fees because Mother never received any EOBs, and she therefore did not fail to perform her obligation under the agreed order to reimburse the Grandparents within thirty days after receiving the EOBs. *See Worford*, 801 S.W.2d at 109; *E.G.*, 2017 WL 3821862, at *2–3.

The Grandparents present two arguments to the contrary. First, they argue that Mother failed to properly brief her argument. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). We should decide an appeal on its merits if "the brief, through liberal construction, sufficiently acquaints us with the issues." *Hernandez v. Rockwater Energy Sols., Inc.*, No. 02-17-00302-CV, 2018 WL 4496149, at *2 (Tex. App.—Fort Worth Sept. 20, 2018, no pet. h.) (mem. op.). Mother's brief, at least with respect to her second through fourth and seventh issues, does so.[5] Mother provides a concise argument and cites relevant authorities, including *T.J.L.*, which we rely on above. We decline to hold that Mother waived her second through fourth and seventh issues by inadequately briefing them. *See id.*; *see also Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("Simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible.").

---

[5]On other issues within Mother's brief that we do not reach, she cites no authority to support her arguments.

11

Second, the Grandparents contend that Mother's argument asserts a defense of "condition precedent" and that she waived the defense by failing to request a finding on it. The record belies the Grandparents' assertion that Mother did not request a finding from the trial court on the contention that she now presents to this court. Mother asked the trial court to find that the Grandparents' failure to comply with their duties under the agreed court order could "be a basis for denying in whole or in part any award of attorney['s] fees."[6] Later, Mother filed proposed findings of fact and conclusions of law, and she asked the trial court to make the following conclusions:

> 3. [The Grandparents] failed to satisfy the condition precedent that they furnish [Mother] the forms, receipts, bills, statements, and explanations of benefits by hand delivery, certified mail or courier.

> 4. [The Grandparents] failed to satisfy the condition precedent that they furnish [Mother] the forms, receipts, bills, statements, and explanations of benefits within 30 days of incurring same.

> 5. No attorney fees are available to [Mother] as [the Grandparents] failed to satisfy conditions precedent to their seeking enforcement.

Furthermore, as explained above, the Grandparents, as the movants for enforcement of the agreed order, had the burden to establish that Mother owed reimbursement. *See E.G.*, 2017 WL 3821862, at *2. The Grandparents' compliance with their obligations under the agreed order was an element of the their own burden,

---

[6]In a docket entry, the court found that the Grandparents' duties under the agreed order were not conditions precedent but that "failure to comply with the [conditions] can be a basis for denying in whole or in part any award of attorney['s] fees."

not a defense on which Mother carried the burden. *See id.*; *M.S.C.*, 2016 WL 929218, at *5; *see also Hogan v. Goldsmith*, 533 S.W.3d 921, 924 (Tex. App.—Eastland 2017, no pet.) (stating that a party seeking to recover on an obligation has "the burden to prove that all conditions precedent have been satisfied"). Thus, we reject the Grandparents' argument that Mother waived a defense by failing to request findings on it.

For all of these reasons, we hold that the trial court abused its discretion by granting the Grandparents' motion for enforcement and by awarding them attorney's fees. We sustain Mother's second through fourth and seventh issues.

## Conclusion

Having sustained Mother's second, third, fourth, and seventh issues, which are dispositive, we reverse the trial court's "Order on Motion for Enforcement of Child Support Order" and its "Order on Motion for Additional Orders on Motion for Enforcement of Child Support." We remand this case for further proceedings consistent with this opinion.

/s/ Wade Birdwell
Wade Birdwell
Justice

Delivered: November 8, 2018