**REVERSE in part; AFFIRM in part; AFFIRMED as MODIFIED and Opinion Filed May 24, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00885-CV**

**MESHKI, INC., Appellant**
**V.**
**SYED BILAL, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-01819-2022**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Garcia

This case involves specific performance of a land lease with an option to purchase. In two issues, Meshki, Inc. ("Meshki") argues there is no evidence, or alternatively, insufficient evidence to the support the entry of judgment for specific performance and attorney's fees in favor of Syed Bilal ("Bilal").

As discussed below, we reverse the portion of the judgment awarding attorney's fees and vacate that award, and modify the judgment to adjust the acreage subject to specific performance and final purchase price. As modified, the remainder of the judgment is affirmed.

# I.   BACKGROUND

In 2013, Meshki leased property located in Collin County (the "Property") to Bilal for a term of seven years, with an option to renew for three years after the initial term expired. The agreement was memorialized in a Real Estate Land Lease with Option to Purchase (the "Contract") signed by both parties.

The Contract identifies the Property as "comprising of 39.496 acres approximately. All of the tract of land in Collin County, Texas, out of the W.B. Williams survey, Abstract 952, Land described under a deed to Meshki, Inc. as recorded under CC# 20100528000543440,"[1] and identifies the location as "551-573 Audie Murphy Parkway, 617-659 Audie Murphy Parkway, and 424-490 Farr Hill Lane in Farmersville, Texas."

The Contract includes an option for Bilal to purchase the Property as follows:

Purchase Option Price: Lessee/Purchase Option Holder may purchase the Demised Premises for seven thousand five hundred dollars per acre ($7500/acres) for a total price of Two hundred sixty-six thousand dollars excluding the front residential house If the front house is also selected to be purchased then a premium additional three hundred fifty thousand dollars($350000) will be paid to the Lessor/Owner if the front residential house located at 551 thru 561 Audie Murphy Rd., Farmersville, TX and one acres of land around the house is also purchased.

A smaller tract, ("Tract 1") consisting of the house and nine acres was included within the 39.496 acres. But in 2014, Meshki was divested of his interest

---

[1] This clause further states "See Exhibit A&B attached for details," but there are no attachments to the Contract in our record.

in Tract 1 (both the land and the house) through foreclosure. The parties agree that Meshki no longer owns Tract 1 and currently owns only 30.3741 acres of the optioned Property.

Bilal attempted to exercise the purchase option in June 2018 and again in September 2020, but Meshki refused performance. Consequently, Bilal initiated the underlying lawsuit.

The petition seeks damages for breach of contract and specific performance. A document marked "unofficial" is attached as Exhibit A and identified as a "Legal Description of the Property," but the document's origin is not specified.[2]

Meshki filed an answer, verified denial, and counterclaim. Meshki's verification states that Meshki Inc. entered a written lease with Bilal, but did not sign a lease agreement with an option to purchase. The Contract, which Meshki averred was forged, is attached to the verification, but the written lease agreement he claims he signed (on behalf of the corporation) is not attached.

Four months prior to trial, the trial court signed an order granting Meshki's counsel's motion to withdraw. Meshki did not appear for the pretrial conference, but was present without counsel on the day of trial. The case proceeded to trial, but the court would not permit Meshki to represent the named corporate defendant pro se.

---

[2] It is unclear whether this exhibit is the same Exhibit A referenced in the Contract or was obtained from some other source.

During the bench trial, three exhibits were admitted into evidence: the Contract, a June 2018 letter from Bilal to Meshki attempting to exercise the option (the "2018 Letter"), and Bilal's affidavit. There was no testimony other than Bilal's counsel's testimony that the firm had been retained on a contingent fee agreement and had incurred certain costs in the litigation.

The trial court found that Bilal is entitled to specific performance and entered a final judgment that provides:

> Plaintiff is entitled to specific performance under the real estate land lease with option to purchase. It is further ORDERED that Plaintiff tender the sum of two hundred ninety-six thousand dollars ($296,000.00) for the land (Situated in Collin County, Texas in the W.B. Williams Survey, Abstract No. 952 and being resurvey and consolidation of a 27.283 acre tract described in Volume 912, Page 66 of the Collin County Deed Records and a 12.274 acre tract described in Volume 1874, Page 70 of the Collin County Land Records) excluding the residential house and three hundred fifty thousand dollars ($350,000.00) for the residential house plus one acre of land around the house. For a total of six hundred forty-six thousand dollars ($646,000.00). Upon receipt of the $646,000.00, Defendant shall provide clear title to the above referenced land no later than 30 days after receipt of the money.

The judgment further awards Bilal $6,550.75 in attorney's fees.

Meshki, represented by new counsel, moved for a new trial.[3] After a hearing, the trial court denied the motion. The trial court also made findings of fact and conclusions of law, concluding, *inter alia*, that: (i) the Contract is a valid contract,

---

[3] The motion for new trial complained about Meshki's lack of representation at trial. The response to the motion pointed out that Meshki had notice of counsel's withdrawal, and also had notice of the pretrial hearing and the trial setting in sufficient time to retain new counsel.

(ii) Bilal tendered his performance under the Contract and otherwise performed his obligations under the Contract, (iii) Meshki refused Bilal's tender under the Contract, and (iv) Bilal is entitled to specific performance under the Contract.

Meshki timely perfected this appeal from the trial court's final judgment.

## II. ANALYSIS

### A. Sufficiency of the Evidence

Meshki argues there was no evidence, or alternatively, insufficient evidence to support the entry of judgment for specific performance because there was no evidence that Bilal was ready, willing, and able to perform and he "was ordered to convey property he does not own."[4]

We review the trial court's findings of fact for legal and factual sufficiency by the same standard applied to a jury verdict. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). A party will prevail on its legal-sufficiency challenge of the evidence supporting an adverse finding on an issue for which the opposing party bears the burden of proof if there is a complete absence of evidence of a vital fact or if the evidence offered to prove a vital fact is no more than a scintilla. *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 156 (Tex. 2014). We must credit favorable evidence that supports the verdict, if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *See*

---

[4] Meshki does not challenge the authenticity of the Contract on appeal.

–5–

*City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support a finding. *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996). To be more than a scintilla, the evidence must "rise to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015).

In contrast to a legal sufficiency review, a challenge to the factual sufficiency of the evidence requires us to "consider and weigh all the evidence," and to "set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *see also CExchange, LLC v. Top Wireless Wholesaler*, No. 05-17-01318-CV, 2019 WL 3986299, at *6 (Tex. App.—Dallas Aug. 23, 2019, pet. denied) (mem. op.)

In the present case, the evidence admitted at trial is sparse, consisting only of the Contract, the 2018 Letter, and Bilal's affidavit. Bilal argues, however, that several facts were judicially admitted in Meshki's answer and needed no additional evidence at trial.

A formal judicial admission is a clear and unequivocal assertion of fact in a party's pleading. *See Weekly Homes v. Paniagua*, 646 S.W.3d 821, 828 (Tex. 2022); *see also Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980); *Peck v. Peck*, 172 S.W.3d 26, 31 (Tex. App.—Dallas 2005, pet. denied).

–6–

A judicially admitted fact is established as a matter of law, and the admitting party may not dispute it or introduce evidence contrary to it. *Peck*, 172 S.W.3d at 31 (citing *Lee v. Lee*, 43 S.W.3d 636, 641 (Tex. App.—Fort Worth 2001, no pet.)); *see also Dutton v. Dutton*, 18 S.W.3d 849, 853 (Tex. App.—Eastland 2000, pet. denied); *Roosevelt v. Roosevelt*, 699 S.W.2d 372, 374 (Tex. App.—El Paso 1985, writ dism'd). This rule is based on the public policy that it would be absurd and manifestly unjust to permit a party to recover after he has sworn himself out of court by a clear and unequivocal statement. *Murphy*, 430 S.W.3d at 618; *Peck*, 172 S.W.3d at 31; *Khan v. GBAK Props. Inc.*, 371 S.W.3d 347, 357 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

A judicially admitted fact may supply the evidence to defeat a no evidence point of error. *See Superbash 2017, LLC v. Fun Fest Entm't*, 634 S.W.3d 471, 479 (Tex. App.—Houston [14th Dist.] 2021, no pet.). But a party may not rely on statements in its own pleadings and attachments, even if sworn, unless offered and admitted into evidence. *See In re Estate of Banta*, No. 02-21-00327-CV, 2022 WL 2526940, at *5 (Tex. App.—Fort Worth Aug. 18, 2022, pet. denied) (mem. op.).

Meshki's answer admits that Meshki owned the Property and leased it to Bilal in 2013 for a term of seven years at the rate of $250.00 per month. Meshki further admits that Bilal paid rent through 2018 and continued paying rent after the

expiration of the lease in 2020.[5] Meshki also admits that Bilal sent two letters attempting to exercise his right to purchase the Property, one in June 2018 and another in September 2020, but Meshki refused the attempted exercise of the option. We consider these judicial admissions in conjunction with the evidence admitted at trial in determining the sufficiency of the evidence to support the specific performance award. *See Superbash*, 634 S.W.3d at 479.

Specific performance is the remedy of requiring exact performance of a contract in the specific form in which it was made. *Levitz v. Sutton*, 404 S.W.3d 798, 805 (Tex. App.—Dallas 2013, pet. denied). The equitable remedy of specific performance may be awarded upon a showing of breach of contract. *Stafford v. S. Vanity Magazine, Inc.*, 231 S.W.3d 530, 535 (Tex. App.—Dallas 2007, pet. denied). Specific performance is an alternative remedy to damages. *See Paciwest, Inc. v. Warner Alan Props., LLC*, 266 S.W.3d 559, 575 (Tex. App.—Fort Worth 2008, pet. denied).

A party seeking specific performance must plead and prove (1) compliance with the contract including tender of performance unless excused by the defendant's breach or repudiation and (2) the readiness, willingness, and ability to perform at relevant times. *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 593–94, 601 (Tex. 2008);

---

[5] Meshki further alleged that Bilal began to miss monthly payments after September 2020. There is, however, no evidence to support this contention and we do not consider this allegation as an admission. *See Banta*, 2022 WL 2526940, at *5.

*see also 17090 Parkway, Ltd. v. McDavid*, 80 S.W.3d 252, 258 (Tex. App.—Dallas 2002, pet. denied).

A trial court has discretion to award specific performance. *Stafford*, 231 S.W.3d at 535. The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but "whether the court acted without reference to any guiding rules and principles." *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). The trial court's ruling should be reversed only if it was arbitrary or unreasonable. *Id*. at 839.

The parties agree that Bilal was excused from tendering performance because Meshki repudiated the option. *See DiGiuseppe*, 269 S.W.3d at 594 (when seller refuses to perform or openly repudiates an option contract, or when it would be otherwise useless to tender performance, buyer is excused from actually tendering performance); *see also Lockheart Chapel, Inc. v. Katim Endeavors, Inc.*, No. 02-21-00405-CV, 2022 WL 3456834, at *5 (Tex. App.—Fort Worth Aug. 18, 2022, no pet.). But even when tender of performance is excused, a party must plead and prove that he is ready, willing, and able to perform. *17090 Pkwy*, 80 S.W.3d at 256;

*Jennings v. Jennings*, 625 S.W.3d 854, 867 (Tex. App.—San Antonio 2021, pet. denied).[6]

Meshki maintains that Bilal failed to prove he was ready, willing, and able to perform because the statement in his affidavit that he "could have funded the purchase from cash and other assets" does not equate to being ready, willing, and able to perform. Bilal's affidavit states:

> I have at all times since at least January 2017 had the ability to fund the purchase of the 30.496 acres in the amount of $228,720. During much of that time I could have funded the purchase from cash and other assets. For example, in January 2017, I told Ali Meshki via text that I had cash available that I wanted to use to fund the purchase price of the Property. And in November 2017 I told Ali Meshki via text that I wanted to do a IRC§ 1031 like-kind exchange for the Property. I have on numerous occasions since January 2017 sold properties that generated sale proceeds which I could have used to fully fund the purchase price of the Property. And at all times since January 2017 I have had the ability to fund the purchase with an investment from a wealthy investor who has invested with me in other properties (through small companies in which we each have ownership interests), both before and after January 2017, including either of the two people named in my deposition.

In addition to the affidavit, the 2018 Letter, also admitted into evidence, states in pertinent part, "Please take notice that we are ready to purchase the property with cash money for $646,220 now . . . ."

There is no question that Bilal's statements about securing financing for the purchase do not establish an ability to perform. When a party alleges it is ready,

---

[6] Meshki mentions that the petition does not assert that Bilal was ready, willing, and able to perform. This pleading defect is waived for failure to specially except to the petition. *See* TEX. R. CIV. P. 90; *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Amer.*, 341 S.W.3d 323, 345–46 (Tex. 2011).

–10–

willing, and able to perform under the terms of a contract, but is relying on third-party financing, the party must show it had a firm commitment for financing, or it will not be entitled to specific performance. *See Elijah Ragira/VIP Lodging Group, Inc. v. VIP Lodging Group, Inc.*, 301 S.W.3d 747, 755 (Tex. App.—El Paso 2009, pet. denied); *TLC Hospitality LLC v. Pillar Income Asset Mgmt., Inc.*, 570 S.W.3d 749, 769 (Tex. App.—Tyler 2018, pet. denied); *Luccia v. Ross*, 274 S.W.3d 140, 147 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). But Bilal's uncontroverted statements that he could have funded the purchase in cash, and in 2018, was ready to immediately purchase in cash are sufficient to establish he was ready, willing, and able to perform. *See Hogan v. Goldsmith*, 533 S.W.3d 921, 924 (Tex. App.—Eastland 2017, no pet.).

Meshki further argues that the evidence is insufficient because Bilal's affidavit only stated that he was able to fund $228,720 of the purchase in cash and did not address the additional $350,000 for the house and surrounding acre. This argument ignores the 2018 Letter stating that Bilal is immediately prepared to pay $646,220 in cash, specifically, $296,220 for the land and barns and $350,000 for the house. Moreover, the parties agree that Meshki no longer owns the house and one acre. The evidence is sufficient to establish that Bilal was ready, willing, and able to perform.

Meshki further argues there is no evidence to support the trial court's finding that performance was tendered. We agree. But in light of Meski's concession that

tender of performance was not required, we cannot conclude this erroneous finding caused harm. The trial court also found that Bilal was entitled to specific performance. We must uphold the judgment if it can be sustained by any legal theory supported by the evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

Finally, Meshki contends there is insufficient evidence to support the judgment because the judgment orders it to convey clear title to 39.557 acres and it only owns 30.3741 acres. In its initial brief and again in its reply brief, Meshki concedes that the Contract "contains sufficient references by which the subject property could be identified with reasonable certainty." It nonetheless insists the judgment must be reversed because it orders the conveyance of property it does not own.[7]

It is well-established, however, that when a vendor has contracted to convey a greater interest in property than he has power to convey, the purchaser may choose to have the contract specifically performed as far as the vendor can perform it. *English v. Jones*, 274 S.W.2d 666, 668 (Tex. 1995); *see also Works v. Wyche,* 344 S.W.2d 193, 198 (Tex. App.—Dallas 1961, writ ref'd n.r.e.); *Atkin v. Cobb*, 663 S.W.2d 48, 51 (Tex. App.—San Antonio 1983, writ dism'd). Bilal has elected such partial performance.

---

[7] Meshki also argues the description of the house is confusing and unclear. Because it is undisputed that Meshki no longer owns the house, that description is immaterial to our analysis.

We have the power to modify a judgment when the record includes the necessary information to do so. *See Mullins v. Mullins*, 202 S.W.3d 869, 879 (Tex. App.—Dallas 2006, pet. denied). It is undisputed that the Property now consists of 30.3741 acres and the Contract requires conveyance of the Property upon the tender of $7,500 per acre. We therefore modify the specific performance award to order Bilal to tender $227,805.75 for the purchase of the 30.3741 acres owned by Meshki and to order Meshki to convey clear title upon receipt of payment.

## B.     Attorney's Fees

Meshki argues and Bilal concedes that there is no evidence to support an award of attorney's fees. We agree.

Courts have recognized that a "valid claim" under section 38.001 of the Texas Civil Practice and Remedies Code is not limited to a claim for monetary damages, but also encompasses specific performance of the agreement. *See Rasmussen v. LBC Petro United, Inc.*, 124 S.W.3d 283, 287 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *Scott Pelley, P.C. v. Wayne*, No. 05-15-01560-CV, 2017 WL 3699823, at *14 (Tex. App.—Dallas Aug. 28, 2017 pet. denied) (mem. op.). But "costs" are not "attorney's fees." *See U.S. Gov't v. Marks*, 949 S.W.2d 320, 327 (Tex. 1997); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (party may recover attorney's fees in addition to the amount of a valid claim and costs); TEX. CIV. PRAC. & REM. CODE ANN. § 31.007 (describing costs).

Here, Bilal's attorney testified that the case was "held on a contingent agreement," and the firm had incurred $6,550.75 in costs, including mediation fees, court reporting, and process fees. This testimony establishes costs, not attorney's fees. Meshki's second issue is sustained.

## III. CONCLUSION

We reverse the portion of the trial court's judgment awarding attorney's fees and vacate that award. We modify the specific performance award to order Bilal to tender $227,805.75 for the purchase of 30.3741 acres of property described in the judgment and to order Meshki to convey clear title upon receipt of payment. As modified, the remainder of the judgment is affirmed.

/Dennise Garcia/
DENNISE GARCIA
230885F.P05                                         JUSTICE

–14–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MESHKI, INC., Appellant

No. 05-23-00885-CV       V.

SYED BILAL, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas Trial Court Cause No. 429-01819-2022.

Opinion delivered by Justice Garcia. Justices Reichek and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment awarding attorney's fees and vacate that award. We **MODIFY** the specific performance award in the judgment to order Bilal to tender $227,805.75 for the purchase of 30.3741 acres of property described in the judgment and to order Meshki to convey clear title upon receipt of payment. As modified, in all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that appellee SYED BILAL recover his costs of this appeal from appellant MESHKI, INC..

Judgment entered May 24, 2024.