

IN THE
TENTH COURT OF APPEALS

————————

No. 10-11-00216-CV

JOHN J. LOTITO, JR.,

Appellant

 v.

KNIFE RIVER CORPORATION-SOUTH
AND KNIFE RIVER CORPORATION,

Appellees

————————

From the 414th District Court
McLennan County, Texas
Trial Court No. 2010-1417-5

**OPINION**

John J. Lotito, Jr. sued Knife River Corporation-South and Knife River Corporation[1] after his employment with Knife River Corporation-South was terminated. Lotito alleged, as an independent cause of action, promissory estoppel: that Knife River promised to employ him in Texas for four years and then relocate him to California to employ him for four more years. He also alleged breach of an alleged contract to pay to him a bonus and for unused vacation days that had accrued.

---

[1] Collectively referred to as Knife River.

Knife River presented a no-evidence motion for summary judgment and a traditional motion for summary judgment on both causes of action. Not specifying the reason, the trial court granted both motions on the promissory estoppel cause of action and denied both motions as to the breach of contract cause of action. Lotito then non-suited all claims other than his promissory estoppel claim, and the trial court signed a final judgment that Lotito take nothing against Knife River. Lotito appeals, and we affirm.

Under the traditional summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). If the order granting the summary judgment does not specify the grounds upon which judgment was rendered, we must affirm the summary judgment if any of the grounds in the summary judgment motion is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

In its traditional motion, Knife River argued that promissory estoppel is not an independent cause of action in Texas in an employment context. We agree. Promissory estoppel is an equitable exception used to avoid a statute of frauds defense. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex. 1973). It is a defensive plea that does not create a contract where none existed before, but rather prevents a party from insisting upon its strict legal rights under the statute of frauds when

enforcing a non-compliant agreement would be necessary to avoid an injustice. *See Hruska v. First State Bank*, 747 S.W.2d 783, 785 (Tex. 1988); *Id*.

Lotito sought to use the doctrine of promissory estoppel as an affirmative basis for relief and cites cases which permit this. Although this Court has held that promissory estoppel is a viable cause of action in bid construction cases, s*ee Frost Crushed Stone Co. v. Odell Geer Constr. Co.*, 110 S.W.3d 41, 44 (Tex. App.—Waco 2002, no pet.), we have not held that it is an independent cause of action in employment cases. In fact, in the employment arena, we have stated that promissory estoppel is a shield, not a sword. *Sonnichsen v. Baylor Univ.*, 47 S.W.3d 122, 125 (Tex. App.—Waco 2001, no pet.). Consequently, in the employment context, we agree with the Beaumont and Amarillo courts of appeals and hold that promissory estoppel is defensive only, and cannot constitute a basis for affirmative relief. *See Stanley v. Citifinancial Mortg. Co.*, 121 S.W.3d 811, 820 (Tex. App.—Beaumont 2003, pet. denied); *Robbins v. Payne*, 55 S.W.3d 740, 746-747 (Tex. App.—Amarillo 2001, pet denied). Accordingly, the trial court did not err in granting Knife River's traditional motion for summary judgment on this ground.[2]

---

[2] Lotito's first issue attacks the judgment based on Knife River's traditional motion for summary judgment. Lotito's second issue attacks the judgment based on Knife River's no-evidence motion for summary judgment. The no-evidence motion for summary judgment is based on the premise that promissory estoppel is a cause of action in the employment context and attacks specific elements of such a claim. The traditional motion for summary judgment addresses, in addition to other issues, the legal question of whether promissory estoppel is a proper legal claim in the employment context. Because the no-evidence motion for summary judgment is premised on a determination that the traditional motion sought to defeat as a matter of law, we believe that it is proper to address the merits of the traditional

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Justice Davis concurring)
Affirmed
Opinion delivered and filed November 8, 2012
[CV06]

---

motion for summary judgment first.  We recognize that if a no-evidence motion for summary judgment and a traditional motion for summary judgment are filed which respectively asserts the plaintiff has no evidence of an element of its claim and alternatively asserts that the movant has conclusively negated that same element of the claim, that we address the no-evidence motion for summary judgment first.  *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).  We have concluded, however, that if the traditional motion is based on the legal question of whether the plaintiff is asserting a recognized legal claim, we must first address that issue before proceeding to review a judgment based on a no-evidence motion for summary judgment which purports to attack elements of the alleged claim.  Further, because we have concluded that Lotito does not have a promissory estoppel claim in the employment context, we need not address Lotito's second issue in which he contends there was support for what would be elements of that claim in opposition to Knife River's no-evidence motion for summary judgment.