

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00385-CV

**TC & C REAL ESTATE HOLDINGS, INC.,**

**Appellant**

**v.**

**DANIEL RAY SHERROD AND WENDY SHERROD,**

**Appellees**

**From the 87th District Court**
**Limestone County, Texas**
**Trial Court No. 29,970-B**

## MEMORANDUM OPINION

TC & C Real Estate Holdings, Inc. brings this appeal from the trial court's judgment granting summary judgment in favor of Danny and Wendy Sherrod. For over twenty years, TC & C has been trying to buy the Sherrods' property. This is the third time that TC & C has filed suit to try to force a sale. This is the third time that TC & C has not been successful in the trial court. This is the third time TC & C and has appealed the trial court's decision. This is the third time we have affirmed the relevant portion of the trial court's judgment.

## SUMMARY JUDGMENT

In its first two issues, TC & C asserts that the trial court erred in granting the Sherrods' motion for summary judgment and in denying its motion for summary judgment.

### *Standard of Review*

We review a trial court's decision to grant or deny a motion for summary judgment de novo. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192, 199 (Tex. 2007) (citing rule for review of grant of summary judgment and reviewing denied cross-motion for summary judgment under same standard); *BMTP Holdings, L.P. v. City of Lorena*, 359 S.W.3d 239, 243 (Tex. App.—Waco 2011), *aff'd* 409 S.W.3d 634 (Tex. 2013). In our review of cross-motions for summary judgment, we review the summary judgment evidence presented by each party, determine all questions presented, and render the judgment that the trial court should have rendered. *Tex. Mun. Power Agency*, 253 S.W.3d at 192 (citing *Comm'rs Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997)). In the summary judgment context, we review the record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). If, as in this case, an order granting the summary judgment does not specify the grounds upon which judgment was rendered, we must affirm the summary judgment if *any* of the grounds in the summary judgment motion is meritorious. *FM Props.*

*Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000); *Lotito v. Knife River Corporation-South*, 391 S.W.3d 226, 227 (Tex. App.—Waco 2012, no pet.).

Under the traditional summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985); *Lotito*, 391 S.W.3d at 227. A defendant who conclusively negates at least one of the essential elements of a cause of action or conclusively establishes each element of an affirmative defense is entitled to summary judgment. *Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640 (Tex. 1995). The granting of a no-evidence motion will be sustained when "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

*Procedural Background*

TC & C alleged in its First Amended Original Petition in the underlying proceeding that the Sherrods breached a contract with TC & C which "entitled TC & C to purchase the [] property…if and when the property is offered for sale by the Sherrods." They further alleged that its right to purchase the property was triggered

when the Sherrods voluntarily entered into an oil and gas lease and that the Sherrods breached the contract when they failed to first tender the sale of the property to TC & C. The Sherrods denied TC & C's allegations and filed a counterclaim to remove a cloud on the title to their property created by TC & C and to request a declaration from the trial court that TC & C has no "legal, contractual, or equitable interest in" the Sherrods' property.

Both the Sherrods and TC & C filed no-evidence and traditional motions for summary judgment. Both traditional motions for summary judgment asserted the plea in bar of res judicata. We recognize that if a no-evidence motion for summary judgment and a traditional motion for summary judgment are filed which, respectively, asserts the plaintiff has no evidence of an element of its claim and, alternatively, asserts that the movant has conclusively negated that same element of the claim, we address the no-evidence motion for summary judgment first. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). The rule does not apply when the no-evidence motion for summary judgment and the traditional motion for summary judgment are not on the same grounds. *See e.g.*, *Lotito v. Knife River Corporation-South*, 391 S.W.3d 226, 227, n. 2 (Tex. App.—Waco 2012, no pet.) ("if the traditional motion is based on the legal question of whether the plaintiff is asserting a recognized legal claim, we must first address that issue before proceeding to review a judgment based on a no-evidence motion for summary judgment which purports to attack elements of the alleged

claim."). The rule also does not apply when, as here, the movant asserts a plea at bar, such as res judicata, only in the traditional motion for summary judgment; and thus, we may address that assertion first. Accordingly, we address the parties' claims of res judicata.

***Res Judicata (a.k.a. the "we've been down this road before" defensive bar)***

Res judicata bars the relitigation of claims that have been finally adjudicated, or that could have been litigated, in a prior action. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008); *Citizens Ins. Co. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). Thus, a party may not pursue a claim determined by the final judgment of a court of competent jurisdiction in a prior suit as a ground of recovery in a later suit against the same parties. *Igal*, 250 S.W.3d at 86; *Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979).

In their traditional motion for summary judgment, the Sherrods asserted that in the first suit, they expressly sought a judicial declaration that TC & C had no interest in the property, the trial court granted that relief, and that portion of the trial court's judgment was not reversed by this Court. The Sherrods further asserted that in the

second suit, they moved for summary judgment on the ground that TC & C's claims were barred by res judicata and had been or should have been finally determined in the previous lawsuit; the trial court granted the Sherrods' motion "in all things;" and this Court determined in its judgment that "there was no error in the judgment of the court below." Thus, their argument continued, in this third suit, TC & C's claim that the Sherrods breached a contract, that being the right of first refusal, is barred by res judicata as well. TC & C, in turn, claimed in its traditional motion for summary judgment that the Sherrods were precluded by res judicata from prevailing on their claims because of this Court's two previous opinions, and arguing that the Court's holding was that TC & C had a right of first refusal to the property. *See T.C. & C. Real Estate Holdings, Inc. v. Sherrod*, No. 10-05-00124-CV, 2007 Tex. App. LEXIS 2347 (Tex. App.—Waco Mar. 21, 2007, no pet.) (mem. op.); *TC & C Real Estate Holdings, Inc. v. Sherrod*, No. 10-02-00002-CV (Tex. App.—Waco Aug. 22, 2001, no pet.) (mem. op.). As will be explained, we agree with the Sherrods' arguments and, in particular, with their interpretation of the legal effect of the trial court's and this Court's judgments.

*The First Suit*

First, a right of first refusal is an interest in property. *Williams v. State*, 406 S.W.3d 273, 281 n. 2 (Tex. App.—San Antonio 2013, pet. denied); *Benefit Realty Corp. v. City of Carrollton*, 141 S.W.3d 346, 350-51 (Tex. App.—Dallas 2004, pet. denied).

Second, our opinions are not what the trial court enforces. It is our judgment

that a trial court must enforce when it receives the appellate court mandate, TEX. R. APP. P. 51.1(b), and a trial court has no discretion to interpret or review an appellate court's mandate or judgment. *In re Castle Tex. Prod. Ltd. P'ship*, 157 S.W.3d 524, 527 (Tex. App.—Tyler 2005, orig. proceeding); *Martin v. Credit Protection Ass'n*, 824 S.W.2d 254, 255 (Tex. App.—Dallas 1992, writ dism'd woj); *Schliemann v. Garcia*, 685 S.W.2d 690, 692 (Tex. App.—San Antonio 1984, orig. proceeding).

Third, the summary judgment evidence shows that, in the first suit initiated by TC & C, the trial court's judgment granted the Sherrods' request for a declaration that TC & C had no interest in the Sherrods' property and specifically stated in the judgment that TC & C had no interest in the property. Although the trial court used the term "find" in its judgment when it declared TC & C had no interest in the Sherrods' property and TC & C complained in its first appeal that we should ignore "findings" in the trial court's judgment, TC & C did not specifically complain about the declarative nature of the trial court's "finding." Further, it was *findings of fact* that was the subject of TC & C's brief in the first appeal, not "findings" in the nature of holdings or a determination of claims. Moreover, it is "findings of fact" that is prohibited from being given effect in the judgments, not the holdings or declarations therein. *See* TEX. R. CIV. P. 299a ("Findings of fact shall not be recited in a judgment."). Finally, this Court, in our first opinion, considered only the "findings of fact" TC & C specifically challenged and thus did not address this particular "finding" or, more importantly, the related

declaration of the rights of the parties.

Nevertheless, judgments, like other written instruments, are to be construed as a whole toward the end of harmonizing and giving effect to all the court has written. *Constance v. Constance*, 544 S.W.2d 659, 660 (Tex. 1976). Conclusive effect is not to be given the use or not at a particular point in the judgment of the commonly employed decretal words, and what the court has adjudicated is to be determined from a fair reading of all the provisions of the judgment. *Id.* From a fair reading of the trial court's judgment, the trial court, granted the Sherrods' request for a declaratory judgment and declared that TC & C had no interest in the Sherrods' property.

We also did not address the propriety of the declaratory judgment in our first opinion because TC & C did not preserve the issue for appeal. Further, in our judgment, we did not reverse that portion of the trial court's judgment which granted the Sherrods a declaratory judgment. We only reversed the portion of the trial court's judgment that held TC & C was not entitled to the return of its earnest money and rendered a judgment that TC & C recover $1,500 from the Sherrods. But, the declaration by the trial court that TC & C had no interest in the Sherrods' property remained intact.

*The Second Suit*

The summary judgment evidence also shows that after TC & C filed its second suit against the Sherrods claiming it was entitled to specific performance based on the

same right of first refusal at issue in the first suit, the Sherrods filed a motion for summary judgment arguing that 1) TC & C's claims in its second suit were barred by res judicata because a final judgment was entered in the previous suit that TC & C had no interest in the Sherrods' property; 2) even if the right of first refusal was not barred by res judicata, a condition precedent to exercising that right had not occurred; 3) this Court affirmed the trial court's declaratory judgment that TC & C had no interest in the property; and 4) Rebecca Mooring was not an independent party but an agent of Cameron Henderson, the owner of TC & C. The trial court granted the Sherrods' motion for summary judgment "in all things."

On appeal to this Court, TC & C made what is generally referred to as a "*Malooly*" issue challenging, as it must, all the grounds raised in the Sherrods' motion for summary judgment and upon which the judgment granting the motion could have been supported. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (stating that summary judgment "must stand," because "it may have been based on a ground not specifically challenged by the plaintiff" and because "there was no general assignment that the trial court erred in granting summary judgment"). Specifically, TC & C complained that "the trial court erred in granting the Sherrods' motion for summary judgment and in denying its motion for summary judgment because the Sherrods granted TC & C a right to purchase the property and that right vested when an offer to purchase the property by a third party was communicated to the Sherrods." *T.C. & C.*

*Real Estate Holdings, Inc. v. Sherrod*, No. 10-05-00124-CV, 2007 Tex. App. LEXIS 2347, *2 (Tex. App.—Waco Mar. 21, 2007, no pet.) (mem. op). We focused only on one ground in the Sherrods' motion. That ground was the second one referred to above: that even if the right of first refusal was not barred by res judicata, a condition precedent to exercising that right had not occurred; the Sherrods had not decided to sell the property. Writing to only address this particular argument, we did not determine whether or not res judicata applied. Because we are not required to determine whether every ground raised in a motion for summary judgment is meritorious when the trial court does not specify the ground or grounds it relied upon in granting summary judgment, *see FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000), our silence on the Sherrods' ground for summary judgment based on res judicata did not suggest that res judicata did not apply and that the Sherrods' other grounds were not meritorious. Having decided the issue on one ground, it was unnecessary for the Court to address the remaining grounds that might also have supported the trial court's judgment granting the motion for summary judgment. *See* TEX. R. APP. P. 47.1 (opinion must be as brief as practicable but that addresses every issue raised and *necessary* to final disposition). Further, our judgment affirmed the trial court's summary judgment which had granted the Sherrods' motion "in all things."

*Conclusion*

Accordingly:

A) In the first suit,

    1. after the trial court having declared that TC & C had no interest in the Sherrods' property, and

    2. this Court having left undisturbed that portion of the trial court's judgment; and

B) In the second suit,

    1. the trial court then having granted a summary judgment "in all things" with one ground being res judicata, and

    2. this Court having affirmed the trial court's judgment; therefore

C) In this, the third suit,

    1. We hold TC & C's interest in the property has previously been finally adjudicated, moreover

    2. res judicata bars TC & C from pursuing *any* claim related to having acquired an interest in the Sherrods' property.

Thus, the trial court did not err in granting the Sherrods' motion for summary judgment and in declaring, again, that TC & C has no interest in the Sherrods' property. For the same reasons, the trial court did not err in denying TC & C's motion for summary judgment.

TC & C's first two issues are overruled.

**OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE**

In its third issue, TC & C contends the trial court erred in failing to sustain all its objections to the Sherrods' late filed affidavit attached to their response to TC & C's motion for summary judgment. We did not rely on this affidavit in our review of the

Sherrods' motion for summary judgment. Thus, even if the trial court erred, TC & C was not harmed. *See* TEX. R. APP. P. 44.1(a). TC & C's third issue is overruled.

**CONCLUSION**

Having overruled each of TC & C's issues on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 21, 2014
[CV06]