

# IN THE
## TENTH COURT OF APPEALS

_____

### No. 10-14-00010-CV

_____

**WILLIE O. FLENTGE, JR. AND CHARLES RAY FLENTGE,**

                                **Appellants**

 v.

**DANIEL W. JUNEK, INDEPENDENT EXECUTOR**
**OF THE ESTATE OF WILLIE O. FLENTGE, SR.,**

                                **Appellees**

_____

**From the 21st District Court**
**Burleson County, Texas**
**Trial Court No. 27,040**

_____

## MEMORANDUM OPINION

_____

Willie O. Flentge, Jr. and Charles Ray Flentge filed suit contesting the will of Willie O. Flentge, Sr. Daniel Junek, Independent Executor of the Estate of Willie O. Flentge, Sr. filed both a traditional and no evidence motion for summary judgment. The Flentges filed a motion for partial summary judgment. The trial court granted Junek's motion for summary judgment. We affirm.

**Background Facts**

Willie O. Flentge, Sr. and Laverna Flentge were the parents of five children: Willie O. Flentge, Jr., Charles Ray Flentge, Carl Dean Flentge, Mary Flentge McAuley, and David Lynn Flentge. The seven family members owned equal shares of W.L. Ranch, Inc., a family corporation. Willie O. Flentge, Sr. executed a last will and testament in 1979. Then in 2008, Willie O. Flentge, Sr. executed another last will and testament that provided for his entire estate to be awarded to his wife, Laverna, including his shares of W.L. Ranch.

Willie Sr. died in 2010, and his 2008 Will was admitted to probate.

In 2011, Carl, David, Laverna, and Junek as Independent Executor of the Estate of Willie O. Flentge, Sr. filed a derivative suit against Willie Jr., Charles, and Mary seeking to prevent the unauthorized misappropriation of mineral royalties. In that suit, both parties moved for summary judgment on the issue of whether a restriction in the bylaws of the corporation prevented the testamentary transfer of shares. The trial court granted the summary judgment motion of Carl, David, Laverna, and Junek, finding that the bylaw restriction did not prevent a testamentary transfer of the corporation shares.

In 2012, the Flentges filed the present suit contesting the 2008 Will. The Flentges alleged in their original petition that the 2008 will of Willie O. Flentge, Sr. resulted entirely from the fraudulent conduct and undue influence of Carl Dean Flentge and that Willie O. Flentge lacked sufficient testamentary capacity to understand and make a will. The Flentges filed an amended petition that further alleged that the corporate bylaws of W.L. Ranch require that any transfer of shares must first be tendered to the corporation

for it to exercise a right of first refusal. The amended petition states that the assets of the estate of Willie O. Flentge, Sr. include shares of W.L. Ranch stock and that they must be tendered to the corporation to exercise its right of first refusal.

Junek filed a motion for summary judgment alleging both traditional and no evidence grounds. The Flentges filed a motion for partial summary judgment requesting that the trial court order Junek to tender to W.L. Ranch any shares of the stock owned by the probate estate at the time of death of Willie O. Flentge, Sr. The trial court granted Junek's motion stating in its order:

> … that there are no genuine issues about any material fact and that there is no evidence to support Will Contestants Willie Otto Flentge, Sr. (sic) and Charles Ray Flentge claims for undue influence, lack of testamentary capacity, and fraud and finding further that Willis Contestants Willie Otto Flentge, Sr. (sic) and Charles Ray Flentge lack standing to bring such claims.

The trial court denied all relief sought by the Flentges.

**Summary Judgment**

In the first issue, the Flentges argue that the trial court erred in denying their motion for partial summary judgment. When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented and render the judgment the trial court should have rendered. *Texas Workers' Compensation Commission v. Patient Advocates of Texas*, 136 S.W.3d 643, 648 (Tex. 2004); *FM Properties Operating Company v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000). The reviewing court must affirm summary judgment if any of the

summary judgment grounds are meritorious. *Texas Workers' Compensation Commissionn v. Patient Advocates of Texas*, 136 S.W.3d at 648.

The Flentges filed a traditional motion partial for summary judgment. Under the traditional summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548 (Tex.1985); *Lotito v. Knife River Corporation-South*, 391 S.W.3d 226, 227 (Tex.App.-Waco 2012, no pet.). Summary judgments are rendered where: (1) a plaintiff conclusively establishes each element of his claim; (2) a defendant conclusively negates a single element of a plaintiff's claim; or (3) a defendant conclusively establishes an affirmative defense. *See U.S. Fire Insurance Company v. Scottsdale Insurance Company*, 264 S.W.3d 160, 165 (Tex.App.-Dallas 2008, no pet.); *Van Es v. Frazier*, 230 S.W.3d 770, 784 (Tex.App.-Waco 2007, pet. denied). Thus, a summary-judgment proceeding focuses on the merits of the plaintiff's claim or on an affirmative defense.

The Flentges' amended petition states that the transferability of the shares of W.L. Ranch stock is restricted by the corporate bylaws and requests the trial court to order Junek to tender the shares of stock owned by the estate to the corporation for it to exercise its right of first refusal. The Flentges' partial motion for summary judgment argues that the testamentary transfer of stock is subject to the restriction on transfer of shares set out in the corporation's bylaws. The motion requests the trial court to order Junek to tender the shares of stock owned by the estate to the corporation and to order

that Carl Dean Flentge not be allowed to vote on whether the corporation may exercise its right of first refusal to purchase the shares.

The Flentges did not set out a cause of action and establish the elements of the cause of action on testamentary transfer. The Flentges did not conclusively establish each element of a claim so as to be entitled to summary judgment. The trial court did not err in denying the Flentge's partial motion for summary judgment.

## Standing

In the second issue, the Flentges argue that the trial court erred in finding that they lacked standing to file the lawsuit. Junek alleged in the motion for summary judgment that there was no evidence of undue influence or fraud and that there was no evidence of lack of testamentary capacity. Junek further alleged that the Flentges lacked standing to bring the will contest. The trial court found that there was no genuine issues of material fact to support the claims for undue influence, fraud, and lack of testamentary capacity and the Flentges lacked standing to bring the claims. The Flentges did not present any evidence raising a fact issue on the causes of action for undue influence, fraud, and lack of testamentary capacity. The Flentges do not argue on appeal that there was evidence of undue influence, fraud, or lack of testamentary capacity. We must affirm the summary judgment if any of the summary judgment grounds are meritorious. *Texas Workers' Compensation Commissionn v. Patient Advocates of Texas*, 136 S.W.3d at 648. Because summary judgment was proper on the grounds of undue influence, fraud, or lack of testamentary capacity, we affirm the trial court's order granting summary judgment. We overrule the second issue.

**Conclusion**

We affirm the trial court's order granting Independent Executor Daniel Junek's motion for summary judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed November 13, 2014
[CV06]

