

# NUMBER 13-20-00292-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

HARJIT PABLA AND
SOHAN SIGNH,                                                    Appellants,

v.

CHRISTINE J. MYERS,                                              Appellee.

On appeal from the 13th District Court
of Navarro County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Longoria**

Since our original opinion issued dismissing this cause of action on April 1, 2021, appellants, Harjit Pabla and Sohan Signh, moved for en banc reconsideration, challenging our application of Texas Rule of Appellate Procedure 42.3(c). *See* TEX. R. APP. P. 42.3(c). We vacate our original memorandum opinion and judgment and issue the

following in their stead. We dismiss appellants' motion for en banc reconsideration as moot.

Appellee Christine J. Myers' motion for partial summary judgment was granted, dismissing the breach of contract, promissory estoppel, and specific performance causes of action brought by appellants. Appellants argue on appeal that the trial court: (1) did not have jurisdiction to rule on the motion; (2) erred in ruling on the motion as it was not a "live" pleading; and (3) erred in granting the motion on its merits. We affirm in part and reverse and remand in part.

## I.   BACKGROUND[1]

Appellants leased a property from appellee and her husband, Nathen Myers. After Nathen's death, appellee sought to sell the property and appellants made an offer to purchase. A commercial real estate contract was entered into by the parties for the sale of the property. Subsequently, after some communication between the parties regarding financing and a tax lien, appellee emailed appellants terminating the contract.

Appellants filed suit against appellee for breach of contract, quantum meruit, and promissory estoppel, seeking damages and the equitable relief of specific performance. The case was assigned to the County Court at Law of Navarro County, Texas (county court). Appellee answered and filed a counterclaim. Both parties alleged damages in excess of $200,000. Appellee then filed her motion for partial summary judgment, arguing that appellants could not bring claims of breach of contract or promissory estoppel and could not obtain specific performance because the contract was terminated "in

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

accordance with its provisions before the [appellants] deposited earnest money or before they closed on the contract." The county court denied the motion for partial summary judgment.

Appellee then filed a "Motion to Transfer" wherein she argued that the amount of damages asserted is in "excess of the jurisdictional limits of" the county court and requested the cause be transferred to the "13th District Court of Navarro County, Texas, which is the Court of competent jurisdiction." The motion was granted, and the matter was transferred to the District Court (trial court).

After the matter was transferred, the trial court held a hearing on appellee's motion for partial summary judgment. Appellants lodged their objection to the hearing, arguing that the county court had already denied the motion and, while appellee filed a motion for hearing, there was no "live" motion for summary judgment before the trial court. The trial court carried the objection and after the hearing, granted appellee's motion for partial summary judgment. The dismissed causes of action were severed, and this appeal followed.

## II.  JURISDICTION

"[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Thus, a court cannot render a binding judgment concerning matters over which it lacks subject-matter jurisdiction. *In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (citing *In re Doe (Trooper)*, 444 S.W.3d 603, 608 (Tex. 2014)). County courts at law are courts of limited jurisdiction and many, including the county court at law in this case, lack jurisdiction over a 'matter in

3

controversy' that exceeds $[2]00,000." *United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 401 (Tex. 2007); *see also* TEX. GOV'T CODE ANN. §§ 25.0003(c) (provisions pertaining to statutory county courts generally), 25.1772 (Navarro County Court at Law Provisions).

A court is duty-bound to determine its jurisdiction regardless of whether the parties have questioned it. *In re City of Dallas*, 501 S.W.3d at 73. As the El Paso Court of Appeals explained in *Garza v. Chavarria*, "a plaintiff may plead himself out of court by seeking a specific amount of damages that is outside of the jurisdictional limits of the court . . . ." 155 S.W.3d 252, 256 (Tex. App.—El Paso 2004, no pet.) (citations omitted). "[I]n the jurisdictional context," the phrase "amount in controversy" means "the sum of money *or the value of the thing* originally sued for." *Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 361 (Tex. 2000) (internal quotations omitted) (emphasis in original). Usually, for the purpose of determining the jurisdiction of a county court at law, that sum "includes all of the damages the plaintiff seeks to recover at the time suit is filed," not merely what the plaintiff is likely to recover. *Brite*, 215 S.W.3d at 401–03.

The Texas Rules of Civil Procedure allow district court judges to transfer a case from one court to another court. TEX. R. CIV. P. 330(e). In accordance with this precept, § 74.093 of the Texas Government Code provides that district and statutory county court judges shall adopt local rules of administration providing for, among other things, the "assignment, docketing, transfer, and hearing of all cases, subject to the jurisdictional limitations of the district courts and statutory county courts." TEX. GOV'T CODE ANN. § 74.093(a), (b)(1); *see Alpert v. Gerstner*, 232 S.W.3d 117, 123 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89,

4

93 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *In re Stark*, 126 S.W.3d 635, 639 (Tex. App.—Beaumont 2004, orig. proceeding [mand. denied]); *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 176 (Tex. App.—Corpus Christi–Edinburg 1999, orig. proceeding).

Trial courts have broad discretion to transfer cases under a court's local rules. *See In re Hous. Lighting & Power Co.*, 976 S.W.2d 671, 673 (Tex. 1998) (orig. proceeding) (per curiam); *Alpert*, 232 S.W.3d at 123. However, that discretion is not unlimited. *In re City of Coppell*, 219 S.W.3d 552, 560 (Tex. App.—Dallas 2007, orig. proceeding*); In re Rio Grande Valley Gas Co.*, 987 S.W.2d at 176; *see also In re Hous. Livestock Show & Rodeo, Inc.*, No. 01-18-00825-CV, 2019 WL 2376120, at *4–5 (Tex. App.—Houston [1st Dist.] June 6, 2019, orig. proceeding) (mem. op.).

## A.    Transfer

First, appellants urge that appellee's motion to transfer was untimely under Texas Rule of Civil Procedure 86, which states in relevant part: "[a]n objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a." TEX. R. CIV. P. 86. Here, appellee's motion was filed after she filed her answer and motion for partial summary judgment. Appellants also argue that the county court's order was "improper due to not following proper venue procedures," specifically stating that a hearing was required before the case could be transferred and that appellants were entitled to forty-five days' notice. *See id*. R. 87. Here, no hearing was held on the motion.

5

While appellants' arguments challenge the merits of a motion to transfer venue, the motion before the county court was a jurisdictional motion. Appellee specifically asserted in her motion that the amount in controversy exceeded the jurisdictional limits of the county court as it was more than $200,000. *See Brite*, 215 S.W.3d at 401; *see also* TEX. GOV'T CODE ANN. §§ 25.0003(c), 25.1772. Appellants do not dispute this argument. Accordingly, because the amount in controversy was in excess of the statutory limit, the county court did not have subject matter jurisdiction over appellants' claims against appellee.

The local rules applicable to Navarro County provide, in relevant part: "The judges of the District Court and the Navarro County Court at Law may transfer from one court to another having jurisdiction as long as an order is signed by the transferring court and approved by the transferee court." Here, the county court signed an order transferring the case to the court of competent jurisdiction pursuant to the Texas Government Code and the Navarro County Local Rules. *See* TEX. GOV'T CODE ANN. §§ 25.0003(c), 25.1772. Accordingly, the county court did not err in transferring the case to the trial court. We overrule appellants' first issue.

### III. LIVE PLEADING

Appellants contend in their second issue that the trial court erred in granting summary judgment because the motion for summary judgment was not live at the time of transfer as the county court had already denied it.

Relying on *Birchman Baptist Church v. Elliot*, appellants state a transferee court can rule on any live pleadings at the time of transfer of the case. No. 02-18-00031-CV,

2018 WL 6113170, at *5 (Tex. App.—Fort Worth Nov. 21, 2018, pet. denied) (mem. op.). In one paragraph which contains no citations to case law, or other authorities, appellants argue that the trial court lacked the power to grant partial summary judgment because the county court's ruling was final and appellee did not "revive" her motion in the trial court. Moreover, as appellee argues in her appellate brief and at the hearing in the trial court, the county court did not have subject matter jurisdiction over this claim, and thus the order on appellee's summary judgment motion was void. *See Jeter v. McGraw*, 218 S.W.3d 850, 853 (Tex. App.—Beaumont 2007, pet. denied) ("Lack of subject matter jurisdiction renders a judgment void rather than merely voidable."). Because the county court's order was void, appellee's motion for summary judgment was still "live" at the time of the trial court's ruling. We overrule appellants' second issue.

## IV. SUMMARY JUDGMENT

Appellants argue in their third issue that even if appellee's summary judgment motion was properly before the trial court, appellee "failed to disprove the claims as a matter of law and [a]ppellants put forth more than a scintilla of evidence to support their claims."

### A. Standard of Review & Applicable Law

On appeal, we review a summary judgment de novo to determine whether a party's right to prevail has been established as a matter of law. *Stancu v. Stalcup*, 127 S.W.3d 429, 431–32 (Tex. App.—Dallas 2004, no pet.). Under the standards for a traditional motion for summary judgment, the movant must establish that there is no genuine issue of material fact and he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c).

7

When a party appeals a traditional motion for summary judgment, the issue we decide is whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gonzalez v. Mission Am. Ins.*, 795 S.W.2d 734, 736 (Tex. 1990). When a defendant moves for a traditional summary judgment, she must disprove, as a matter of law, one of the essential elements of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). When a party moves for summary judgment on multiple grounds and the trial court order grants summary judgment without specifying the grounds relied upon, the party appealing that order must negate all possible grounds upon which the order could have been based, or the judgment must be affirmed on any of the grounds not complained of. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970). In reviewing a traditional summary judgment, we consider the evidence in the light most favorable to the nonmovant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

## B.     Breach of Contract

The elements a of breach of contract claim are: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.—San Antonio 2002, no pet.).

In her motion for summary judgment, appellee argued that there was no valid contract on which to bring a claim, specifically contending that the contract the parties entered into had been properly terminated. In her appellate brief, appellee argues there

were "at least four separate reasons" the contract had been terminated: (1) the contract required an earnest money deposit; (2) the contract required the sale be closed within thirty days of the optional forty-five day inspection period; (3) the contract provides that if buyer fails to close, seller can terminate; and (4) the third party financing addendum requires the buyer to obtain financing within thirty days after the effective date of the contract. Appellee contends that appellants violated all four of those conditions and thus, she validly terminated the purchase and sale contract in accordance with the conditions set forth therein.

As to the "earnest money deposit" the contract provided:

**Earnest Money.** Within two Business Days after the Effective Date, Purchaser shall deliver an earnest money deposit in the amount of $2,500.00 (the "Earnest Money") payable to the Title Company in its capacity as escrow agent, to be held in escrow pursuant to the terms of this Contract. Seller's acceptance of this Contract is expressly conditioned upon Purchaser's timely deposit of the Earnest Money with the Title Company. If Purchaser fails timely to deposit the Earnest Money with the Title Company, then Seller may, at Seller's option, terminate this Contract by delivering a written termination notice to Purchaser at any time until Purchaser deposits the Earnest Money with the Title Company.

Appellee contends that appellants failed to timely deliver an earnest money deposit as required in the contract, and thus, appellee properly terminated the contract. In response, appellants state that "[t]he earnest money was paid to the lender and it was the lender's responsibility to deposit the earnest money with the title company." As set forth above, the contract clearly requires appellants, as the buyers, to "timely deposit" the "Earnest Money with the Title Company." Suggesting that it was not their responsibility to do so contradicts the terms of the contract. We find that appellants failed to comply with the earnest money deposit requirement and appellee was free to terminate the contract,

9

at her option, in accordance with the terms set forth above.[2]

Finding that appellee was free to terminate the contract per the terms therein, we turn now to whether appellee actually terminated the contract. Appellee contends that the contract was canceled at her option on August 24, 2018, per her written notice via email correspondence. The correspondence from appellee's counsel stated:

> Since you were unable to acquire financing to purchase the Tigers Den according to the Contract with [appellee] and Addendum B-1, please be advised that [appellee] has elected to terminate this contract.

> If you are still interested in purchasing the Tigers Den, please let me know and we can attempt to negotiate a new contract.

Appellee's correspondence provides written notice to appellants of her termination of the contract. Appellants argue that the contract was orally amended to allow them to "resolve a tax issue"; however, appellants present no substantive legal argument nor any citation to authorities to support this assertion. *See* TEX. R. APP. P. 38.1(i). Appellants presented no evidence of any oral amendment, and we note further that the contract specifies that "there are no oral agreements, understandings, representations or warranties made by the parties that are not expressly set forth in this Contract." Therefore, we reject appellats' argument.

Because appellee properly terminated the contract pursuant to its terms, appellee established that there was no valid contract on which to bring a claim, disproving an

---

[2] In one sentence, appellants make a bare assertion that "[t]he fact that the date for the deposit of the earnest money was almost 90 days overdue when the Appellee canceled the contract is further evidence that the contract was orally amended." Appellants have not presented any substantive legal argument applying legal authorities to the facts of this case. *See* TEX. R. APP. P. 38.1(i). We are prohibited from making appellants' argument, researching the law, and then fashioning a legal argument for it when appellants have failed to do so. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

element of appellants' breach of contract claim. *See Richter*, 90 S.W.3d at 898. Accordingly, the trial court did not err in granting appellee's motion for summary judgment on appellants' breach of contract claim.

## C. Promissory Estoppel

Appellee argued in her summary judgment motion that promissory estoppel: (1) is not available where there is a valid contract between the parties that covers the subject matter of the alleged promise; and (2) cannot be the basis of a claim, but rather can only be used defensively. We disagree with both contentions. First, appellee has already argued, and we found, that no valid contract existed on which to bring a claim. Appellee's contention that there is no valid contract for a breach of contract claim while simultaneously claming that there is a contract that can prevent a promissory estoppel claim is contradictory. Second, appellee relies on *Lotito v. Knife River Corporation-South* for her argument that promissory estoppel cannot be the basis of a claim. 391 S.W.3d 226, 227 (Tex. App.—Waco 2012, no pet.). However, we do not find this argument persuasive as *Lotito* stands for the proposition that in the employment context, promissory estoppel is defensive only and cannot constitute a basis for affirmative relief. *See id*. ("[I]n the employment arena, we have stated that promissory estoppel is a shield, not a sword."). The underlying dispute does not concern an employment contract but rather a commercial real estate transaction.

Although promissory estoppel is normally a defensive theory, it may serve as a substitute for an unsuccessful breach of contract claim. *See Wheeler v. White*, 398 S.W.2d 93, 97 (Tex. 1965); *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 163 (Tex. App.—

11

San Antonio 2008, pets. denied). "The elements of promissory estoppel are: (1) a promise, (2) foreseeability of reliance on the promise by the promisor, and (3) substantial detrimental reliance by the promisee." *Hubbard v. Shankle*, 138 S.W.3d 474, 482 (Tex. App.—Fort Worth 2004, pet. denied); *see MCN Energy Enters., Inc. v. Omagro de Columbia, L.D.C.*, 98 S.W.3d 766, 774 (Tex. App.—Fort Worth 2003, pet. denied).

We have held that appellants' breach of contract claim, to the extent that it rests on appellee breaching the contract for sale of commercial property, cannot succeed as a matter of law because the contract was properly terminated by appellee. Because there was no valid contract between the parties, promissory estoppel may apply to appellants' allegations. *See Doctors Hosp. 1997, L.P. v. Sambuca Houston, L.P.*, 154 S.W.3d 634, 636 (Tex. App.—Houston [14th Dist.] 2004, pet. abated) (stating that "Texas courts have held that promissory estoppel becomes available to a claimant only in the absence of a valid and enforceable contract"); *Secure Comm, Inc. v. Anderson*, 31 S.W.3d 428, 431 n.3 (Tex. App.—Austin 2000, no pet.) ("[P]romissory estoppel and breach of contract may be mutually exclusive causes of action."); *see also Wheeler*, 398 S.W.2d at 94, 97 (holding that a plaintiff could recover on a promissory estoppel theory when pled as an alternative to breach of contract). Appellee's position in her summary judgment is that the promissory estoppel claim lacks merit because there is a contract. However, because she did not negate any of the specific elements of promissory estoppel, we find that the trial court erred in granting summary judgment on appellants' promissory estoppel claim.

### D. Specific Performance

Appellee argued in her motion that specific performance is not available for a

contract that has been terminated. "Specific performance is the remedy of requiring exact performance of a contract in the specific form in which it was made." *Levetz v. Sutton*, 404 S.W.3d 798, 805 (Tex. App.—Dallas 2013, pet. denied). A trial court may award the equitable remedy of specific performance upon a showing of breach of contract. *Stafford v. S. Vanity Mag., Inc.*, 231 S.W.3d 530, 535 (Tex. App.—Dallas 2007, pet. denied). "A party who seeks specific performance must plead and prove (1) compliance with the contract, including tender of performance, unless excused by the defendant's breach or repudiation and (2) the readiness, willingness, and ability to perform at relevant times." *Hogan v. Goldsmith*, 533 S.W.3d 921, 923–24 (Tex. App.—Eastland 2017, no pet.) (citing *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 593–94, 601 (Tex. 2008)). Here, there is no valid contract to enforce, so the trial court did not err in granting summary judgment as to appellants' specific performance claim. *See Chambers v. Pruitt*, 241 S.W.3d 679, 687–88 (Tex. App.—Dallas 2007, no pet.).

## E.    Summary

Having found that appellee properly terminated the contract between the parties, we hold that the trial court did not err in granting summary judgment as to appellants' claims for breach of contract and specific performance. The trial court did err, however, in granting summary judgment on appellants' claim of promissory estoppel as appellee did not negate any element of appellants' claim. We sustain appellants' third issue as it relates to the promissory estoppel claim and overrule it as it relates to the breach of contract and specific performance claims.

## V.    CONCLUSION

The judgment of the trial court is affirmed in part as it relates to appellants' claims for breach of contract and specific performance. We reverse the trial court's granting of summary judgment on appellants' promissory estoppel claim and remand to the trial court for proceedings consistent with this memorandum opinion.


NORA L. LONGORIA
Justice

Delivered and filed on the
29th day of July, 2021.

14