

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00346-CV

**WILLIAM BAILEY AND NICOLE BAILEY,**

                                                    **Appellants**

 **v.**

**HILLCREST BAPTIST MEDICAL CENTER;**
**HILLCREST BAPTIST MEDICAL CENTER D/B/A**
**BAYLOR SCOTT & WHITE HEALTH; AND**
**SCOTT & WHITE HEALTHCARE,**

                                                    **Appellees**

**From the 170th District Court**
**McLennan County, Texas**
**Trial Court No. 2016-820-4**

## MEMORANDUM  OPINION

William Bailey and Nicole Bailey (the Baileys) sued Hillcrest Baptist Medical

Center (HBMC), Hillcrest Baptist Medical Center d/b/a Baylor Scott & White Health

(Baylor S&W), and Scott & White Healthcare (S&W Healthcare) for medical malpractice.

The trial court granted summary judgment in favor of HBMC, Baylor S&W, and S&W

Healthcare. The Baileys bring this appeal challenging the trial court's grant of summary judgment against them. We will affirm.

## Factual and Procedural Background

The Baileys' lawsuit was filed on March 1, 2016, against HBMC, Baylor S&W, and S&W Healthcare, alleging breach of the appropriate standard of care. The Baileys asserted that after a March 31, 2014 medical procedure, Mr. Bailey was unstable and fell and struck his head while unassisted in a restroom at Baylor S&W.

On June 11, 2018, Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic, an entity that had not been named as a defendant by the Baileys, had not intervened, and had not been brought in as a third-party defendant, filed a combined traditional and no-evidence motion for summary judgment. In the motion, Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic sought a no-evidence summary judgment on the grounds that the Baileys failed to designate any testifying expert witnesses and therefore could not produce any evidence based upon a reasonable medical probability to support their cause of action. Alternatively, Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic sought a traditional motion for summary judgment on the grounds that limitations barred claims the Baileys "could assert" but never did assert against it.

On July 18, 2018, the Baileys filed a motion for leave to permit designation of expert witnesses and a response to Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic's combined traditional and no-evidence motion for summary judgment. In their

response to the combined traditional and no-evidence motion for summary judgment, the Baileys argued against the grant of summary judgment and asserted that they brought suit against the proper entities and that Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic would not be a proper party to the lawsuit.

On July 25, 2018, Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic along with HBMC, Baylor S&W, and S&W Healthcare filed "Defendants' Motion for Leave to Correct Names of Defendants." In their motion, they requested leave to correct the named entities in the following pending motions: (1) the combined traditional and no-evidence motion for summary judgment and (2) a motion to strike an expert designated by the Baileys in discovery.[1]

At a hearing on August 14, 2018, the Baileys made no objection to the motion for leave to correct the named entities in the pending motions, and the trial court granted the motion for leave. The trial court then took up the combined traditional and no-evidence motion for summary judgment, and after a contested hearing, the trial court took the matter under advisement. That same day, the trial court signed an order granting the combined traditional and no-evidence motion for summary judgment. The trial court also entered an order granting the motion to strike the Baileys' expert, thereby impliedly denying the Baileys' motion for leave to designate their expert. On August 22, 2018, the

---

[1] Like the combined traditional and no-evidence motion for summary judgment, the motion to strike had been filed solely by Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic.

trial court then signed a take-nothing final judgment in favor of HBMC, Baylor S&W, and S&W Healthcare.

## Issues

The Baileys challenge (1) the trial court's grant of summary judgment against them, (2) the trial court's denial of their motion for leave to permit designation of expert witnesses, and (3) the trial court's failure to consider the declaration of their expert witness.

## Issues Two and Three

We will first address the trial court's denial of the Baileys' motion for leave to permit designation of expert witnesses and the trial court's failure to consider the declaration of their expert witness.

AUTHORITY

A trial court's exclusion of an expert not properly designated is reviewed for an abuse of discretion. *Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009) (per curiam). We review a trial judge's denial of a party's motion for additional time to designate expert witnesses under an abuse-of-discretion standard. *See Loffland Bros. Co. v. Downey*, 822 S.W.2d 249, 250–51 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding).

Discovery that is not timely disclosed or witnesses that are not timely identified are inadmissible. *Gillenwater*, 285 S.W.3d at 881; *see* TEX. R. CIV. P. 193.6(a). If a party fails

to timely designate an expert, the party has the burden to establish good cause or a lack of unfair surprise or prejudice before the trial court may admit the evidence. *Gillenwater*, 285 S.W.3d at 881; *see* TEX. R. CIV. P. 193.6(b). The question then becomes whether the party failing to timely designate its expert satisfied its burden to show either good cause for the untimely designation or a lack of unfair surprise or prejudice. *Cunningham v. Columbia/St. David's Healthcare Sys., L.P.*, 185 S.W.3d 7, 13 (Tex. App.—Austin 2005, no pet.). If the burden is not met, then under Rule of Civil Procedure 193.6, the trial court's decision to strike the expert should be affirmed. *Id.*

DISCUSSION

The Baileys argued in their motion for leave to designate expert witnesses that good cause existed for late designation of the expert witness because even though their attorney had signed an agreed docket control order that was to be submitted to the trial court for the judge's signature, the attorney was not served with the order once it had been signed by the trial court. The office procedure followed by the Baileys' attorney that is alleged to have caused the oversight was to calendar deadlines only after the trial court signed the agreed docket control order. Because the Baileys' attorney was not served with the order after it had been signed by the trial court, the deadlines set forth in the order were therefore not placed on the attorney's calendar, and, as a result, the deadline for designating experts was not met.

The Texas Supreme Court has repeatedly held that inadvertence of counsel does not constitute good cause. *Remington Arms Co. v. Canales*, 837 S.W.2d 624, 625 (Tex. 1992). The Baileys' attorney acknowledges that waiting until receipt of the signed docket control order caused the deadline to be missed despite the fact that counsel had signed and approved the order. The date of the deadline was known to the Baileys' attorney and could have been calendared or easily ascertained by reviewing the proposed docket control order.

The Baileys argued in their motion for leave to permit designation of expert witnesses that HBMC, Baylor S&W, and S&W Healthcare suffered no unfair surprise or prejudice because the untimely designated expert and his report were previously provided to HBMC, Baylor S&W, and S&W Healthcare in the statutory expert report required by Chapter 74 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. A party is, however, entitled to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to a proper discovery request. *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex. 1992). A party should not have to anticipate the disclosure of a material witness merely because his or her testimony would be vital to the case. *Snider v. Stanley*, 44 S.W.3d 713, 717 (Tex. App.—Beaumont 2001, pet. denied). The discovery rules were revised to make that sort of anticipation unnecessary. *Id.*

Accordingly, we conclude the trial court did not abuse its discretion in granting the motion to strike the Baileys' expert witness and in doing so impliedly denying the Baileys' motion for leave to designate the expert witness. The Baileys' second and third issues are overruled.

## Issue One

We will next address whether the trial court erred in granting summary judgment in favor of HBMC, Baylor S&W, and S&W Healthcare.

PROCEDURAL MATTERS

As stated above, the combined traditional and no-evidence motion for summary judgment under review was filed with the trial court clerk by Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic, a nonparty. In its combined traditional and no-evidence motion for summary judgment, Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic acknowledged: "As of the filing of this motion, the proper party defendant—Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic—has not been served or named in this lawsuit." No claims or causes of action were asserted by the Baileys against Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic, nor had Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic filed a pleading in intervention. The three named defendants sued by the Baileys, along with Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic subsequently filed with the trial court clerk a motion for leave to correct the names of the entities, in which they "move[d] for

leave to correct the named [d]efendants" to HBMC, Baylor S&W, and S&W Healthcare in the previously filed combined traditional and no-evidence motion for summary judgment and the motion to strike the Baileys' designated expert witness. The trial court granted the motion for leave without objection from the Baileys.

The purpose of a motion for leave is to allow the trial court the preliminary opportunity to decide whether it will consider a matter on the merits. *Tex. Dep't of Transp. v. Marquez*, 885 S.W.2d 456, 458 n.2 (Tex. App.—El Paso 1994, orig. proceeding). Because motions are not pleadings, we are not required to give them liberal construction. *Mann v. Kendall Home Builders Constr. Partners I, Ltd.*, 464 S.W.3d 84, 94 n.5 (Tex. App.—Houston [14th Dist.] 2015, no pet.). A motion's substance is not to be determined by its caption but from its body and prayer for relief. *Woodruff v. Cook*, 721 S.W.2d 865, 869 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). "[W]e look to the substance of a motion to determine the relief sought, not merely to its title." *Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999).

Here, the operative language in the motion for leave is found in paragraph two, in which HBMC, Baylor S&W, S&W Healthcare, and Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic requested leave to correct the named entities in the combined traditional and no-evidence motion for summary judgment and the motion to strike. Regardless of the motion for leave's caption or title, the text of the document requested both the procedural relief of leave and the substantive relief of naming HBMC, Baylor

S&W, and S&W Healthcare as movants in the combined traditional and no-evidence motion for summary judgment and the motion to strike, and we will look to the relief requested in the text. The trial court stated on the record: "I will grant the motion for leave." The trial court's grant did not place any limitations on the grant. Based upon the record before us, we therefore conclude that HBMC, Baylor S&W, and S&W Healthcare were named as movants in the combined traditional and no-evidence motion for summary judgment and that the trial court's order granting summary judgment would thus have been in favor of HBMC, Baylor S&W, and S&W Healthcare.[2]

AUTHORITY

We review a trial court's order granting summary judgment *de novo*; in doing so, we indulge every reasonable inference in favor of the nonmovant, resolve any doubts in favor of the nonmovant, and take as true all evidence favorable to the nonmovant. *See Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). In a traditional summary-judgment motion, the movant must state specific grounds, and if the movant conclusively negates at least one essential element of a cause of action or

---

[2] To the extent that the Baileys' issue could be construed to include the argument that Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic was erroneously included as being a defendant in the order granting the defendants' motion for summary judgment or a defendant as that term is used in the final judgment, the Appellees concede in post-submission briefing that the trial court granted leave to correct the parties and thus removed Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic as a movant/defendant/party, if they had ever been one, and rendered judgment only against the defendants named and served by the Baileys, which does not include Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic. Thus, the Appellees concede that Scott & White Memorial Hospital d/b/a Hillcrest Urology Clinic is not a defendant or appellee for purposes of this appeal of the take-nothing judgment rendered in favor of the "Defendants" and as that term is used in the trial court's judgment.

conclusively establishes all the elements of an affirmative defense, the movant is entitled to summary judgment. TEX. R. CIV. P. 166a(c); *see KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). When reviewing a traditional motion for summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

To prevail on a no-evidence summary-judgment motion, the movant must allege that there is no evidence of an essential element of the nonmovant's claim. TEX. R. CIV. P. 166a(i); *see Sw. Elec. Power Co.*, 73 S.W.3d at 215. A nonmoving party is not required to marshal its proof; however, it must present evidence that raises a genuine fact issue on the challenged elements. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

"If the order granting the summary judgment does not specify the grounds upon which judgment was rendered, we must affirm the summary judgment if any of the grounds in the summary judgment motion is meritorious." *Lotito v. Knife River Corp.–S.*, 391 S.W.3d 226, 227 (Tex. App.—Waco 2012, no pet.) (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)). "Further, if a no-evidence motion for summary judgment and a traditional motion for summary judgment are filed which

respectively asserts the plaintiff has no evidence of an element of its claim and alternatively asserts that the movant has conclusively negated that same element of the claim, we address the no-evidence motion for summary judgment first." *Williams v. Parker*, 472 S.W.3d 467, 469–70 (Tex. App.—Waco 2015, no pet.) (citing *Ford Motor Co.*, 135 S.W.3d at 600, and *Lotito*, 391 S.W.3d at 227). If a nonmovant fails to produce more than a scintilla of evidence that raises a genuine fact issue on the challenged elements of his claims, then there is no need to analyze whether the movant's summary-judgment proof on the same claim satisfied the traditional summary-judgment burden of proof under Rule of Civil Procedure 166a(c). *See Ford Motor Co.*, 135 S.W.3d at 600.

A plaintiff must offer expert testimony on the standard of care, breach, and causation elements in a medical-malpractice claim when each of those elements has been challenged in a no-evidence motion for summary judgment. *Cunningham*, 185 S.W.3d at 10.

DISCUSSION

In the no-evidence grounds for summary judgment, HBMC, Baylor S&W, and S&W Healthcare asserted that the Baileys' failure to designate a testifying expert witness left the Baileys unable to produce any evidence that: (1) there was a breach of the standard of care, (2) said breach proximately caused the Baileys' injuries, or (3) any of the foregoing was based on a reasonable medical probability. Under Rule 166a(i) of the Rules of Civil Procedure, the burden to raise a genuine issue of material fact on elements

challenged in the no-evidence motion for summary judgment fell on the Baileys. *See* Tᴇx. R. Cɪv. P. 166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). In their response to the combined traditional and no-evidence motion for summary judgment, the Baileys attached their "first supplemental rule 194.2 disclosure and designation of expert witnesses" naming the medical doctor the Baileys hoped to designate, if leave for late designation was granted by the trial court. The trial court's implied denial of the Baileys' motion for leave to designate expert witness, by its grant of HBMC's, Baylor S&W's, and S&W Healthcare's motion to strike, left the Baileys without a testifying medical expert on the elements challenged in the no-evidence grounds of the motion for summary judgment. The Baileys thus failed to meet the burden imposed by Rule 166a(i).

Based on the record before us, we accordingly conclude that there is a complete absence of legally admissible evidence presented to the trial court supporting the applicable standard of care, breach of that standard, and causal link between the breach of the standard of care and the Baileys' injuries. *See Wilson v. Shanti*, 333 S.W.3d 909, 916 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Patriacca v. Frost*, 98 S.W.3d 303, 306 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

We conclude that the Baileys did not produce any summary-judgment evidence in response to the no-evidence portion of the motion for summary judgment on the issues regarding the applicable standard of care, breach of that standard, and causal link

between the breach of the standard of care and the Baileys' injuries. Accordingly, the grant of summary judgment in favor of HBMC, Baylor S&W, and S&W Healthcare was required by Rule 166a(i) and was proper. Furthermore, we need not address the merits of the traditional motion for summary judgment as to HBMC, Baylor S&W, and S&W Healthcare, having found that summary judgment was properly granted on the no-evidence motion for summary judgment as to them.

The Baileys' first issue is overruled.

## Conclusion

The judgment of the trial court is affirmed.


MATT JOHNSON
Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed March 9, 2022
[CV06]

